IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Jacori Andre' Carter,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    1:14cv151 (LMB/IDD) |
| Keith Davis, et al.,<br>    Defendants. | )<br>)<br>) |

MEMORANDUM OPINION AND ORDER

Jacori Andre' Carter, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging defendants violated his Eighth Amendment and Fourteenth Amendment rights when they placed him in full restraints during his one hour of outside recreation. By Order dated February 18, 2014, plaintiff was instructed to complete and file a Consent Form and particularize and amend his allegations. Plaintiff has complied with the Court's instruction.[1] After careful review of plaintiff's amended complaint, it is clear that the plaintiff's complaint against defendants Davis, Boone, and Hubbs must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[2]

I. Background

In his amended complaint, plaintiff alleges that defendant Tuell "sadistic[ally]" ordered that he be placed in "full restraints throughout the duration of his one (1) hour rec for 30-days." Compl. 3. He then alleges that defendants Boone, Davis, and Hubbs "were all 'deliberate-

---

[1] Plaintiff particularized and amended his allegations by submitting a "Motion to Amend Complaint," which will be granted.
[2] Section 1915A provides:
    (a) **Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

indifferent' to defendant Tuell's [sic] 'sadistic/mis-use of restraints' towards plaintiff for (30-days) during his one (1) hour of recreation." Compl. 4. He states that each "had the authority to intervene and stop plaintiff from being" placed in full-restraints but "upheld this practice." Id.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 555 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" however, to meet this standard, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III. Analysis

Plaintiff's allegations show that he bases defendants Davis's, Boone's, and Hubbs's liability on their supervisory positions. To establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). Here, plaintiff's bare and conclusory allegation that defendants Boone, Davis, and Hubbs "were all 'deliberate-indifferent' to defendant Tuell's [sic] 'sadistic/mis-use of restraints' towards plaintiff for (30-days) during his one (1) hour of recreation" fails to allege facts to demonstrate that these factors were present. Indeed, plaintiff makes no allegations that defendants had actual or constructive knowledge that Tuell was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to plaintiff. See id. As such, he has failed to state a claim against defendants Boone, Davis, and Hubbs.

### IV. Motions

Plaintiff submitted an application to proceed in forma pauperis and has consented to pay an initial filing fee and to make subsequent payments, pursuant to 28 U.S.C. § 1915(b), until he has paid the full $350.00 filing fee. Plaintiff's institution supplied information on plaintiff's inmate account reflecting that, for the past six months, plaintiff had an average monthly deposit of $0.00 to his inmate account, had an average monthly balance of $0.00, and a balance of $0.00 at the time of inquiry. Therefore, plaintiff will not be required to pay an initial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be required monthly to remit to the Clerk twenty percent (20%) of any income into the plaintiff's inmate account, if that income causes his inmate account balance to

exceed $10.00. 28 U.S.C. § 1915(b)(2). This shall continue until the full filing fee has been paid, even after the case is resolved or dismissed, if necessary.

Accordingly, it is hereby

ORDERED that plaintiff's application to proceed in forma pauperis (Docket #5) be and is GRANTED; and it is further

ORDERED that plaintiff's Motion to Amend (Docket # 4) be and is GRANTED; and it is further

ORDERED that plaintiff's claims against defendants Boone, Davis, Hubbs be and are DISMISSED for failure to state a claim, pursuant to 28 U.S.C. §1915A(b)(1); and it is further

ORDERED that the petition be and is FILED in forma pauperis. Plaintiff is advised that failure to leave twenty percent (20%) of his monthly deposits in his inmate account in accordance with the Consent Form constitutes cause for immediate dismissal of this action; and it is further

ORDERED that defendant Tuell file an answer or other responsive pleadings to the complaint in accordance with the attached Notice of Lawsuit and Request for Waiver of Service of Summons. Defendant Tuell is advised that it is normal practice in pro se prisoner civil actions for defendants to file dispositive motions, if warranted and appropriate, before the start of discovery; and it is further

ORDERED that, within twenty-one (21) days of defendant filing any responsive pleadings, the plaintiff file any reply, including counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by defendant. See E.D. Va. Local Civ. R. 7(K); Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Unless the plaintiff or defendant explicitly request additional time for filing additional materials, the case will be considered ripe for disposition twenty-one (21) days after defendant files a responsive pleading; and it is further

ORDERED that plaintiff serve a copy of every document plaintiff files in this proceeding upon all parties by mailing the document to each party's counsel, pursuant to Fed. R. Civ. P. 5; and it is further

ORDERED that plaintiff's failure to notify the Court <u>immediately</u> in the event he is transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b); and it is further

ORDERED that plaintiff be advised that if the Court is unable to effect service on defendant through this Order and defendant is not otherwise served within 120 days of filing,[1] defendant will be dismissed from the instant action without prejudice. <u>See</u> Fed. R. Civ. P. 4(m); and it is further

ORDERED that plaintiff's correctional institution is DIRECTED to submit twenty percent (20%) of plaintiff's preceding month's income any time his monthly account balance is at least $10.00 until the full $350.00 filing fee has been paid. Should plaintiff fail to keep twenty percent (20%) of his preceding month's income in his account, the correctional institution is DIRECTED to complete the enclosed Report of Violation of the Consent Order and return it to this Court.

The Clerk is directed to send a copy of this Order to plaintiff; a copy of this Order, a copy of the signed Consent Form (Docket #6), and the Report of Violation of the Consent Order to plaintiff's correctional institution; and a copy of this Order, the complaint (Docket #1), the Motion to Amend (Docket #5), and the Notice of Lawsuit and Request for Waiver of Service of Summons to the Virginia Attorney General.

Entered this 18th day of March 2014.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

---

[1] For purposes of calculation, the complaint is deemed filed as of this Order.